**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KAREN C. HAN,

          Plaintiff,

v.

FINANCIAL SUPERVISORY SERVICE,


          Defendant.

Civ. Action No. 18-141
(EGS)

<u>**MEMORANDUM OPINION AND ORDER**</u>

## I.   Introduction

Ms. Karen C. Han ("Ms. Han" or "Plaintiff"), who proceeds *pro se*, brought this action against Financial Supervisory Service ("FSS" or "Defendant"), alleging that FSS interfered in the contractual relationship between her now-defunct financial services company, Peninsula Asset Management Ltd. ("Peninsula"), and Hankook Tire Company, Ltd. ("Hankook"). *See generally* Compl., ECF No. 1.[1] On July 5, 2022, the Court granted FSS' Motion to Dismiss the Complaint for lack of personal jurisdiction in a final appealable order. *See Han v. Fin. Supervisory Serv.*, No. CV 18-141(EGS/GMH), 2022 WL 2438513, at *9 (D.D.C. July 5, 2022).

---

[1] When citing electronic filings throughout this Opinion, the Court refers to the ECF page numbers, not the page numbers of the filed documents.

Pending before the Court is Ms. Han's Motion to Alter or Amend the Order Granting Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 59(e). *See* Pl.'s Mot. Alter or Amend Order Granting Def.'s Mot. Dismiss Pursuant Fed. R. Civ. P. 59(e)., ECF No. 31. Upon careful consideration of the motion, opposition, and reply thereto; the applicable law; and the entire record herein, the Court hereby **DENIES** Ms. Han's Motion.

## II.  Background

### A.  Factual

The Court assumes the parties' familiarity with the factual background of this case, as set forth in its July 5, 2022 Memorandum Opinion and Order. *See Han*, 2022 WL 2438513, at *1-5. In short, Ms. Han previously owned Peninsula, a financial services company that entered into an agreement to complete a financial transaction for an alleged alter-ego of the South Korean company Hankook (the "Peninsula/Ocean Agreement"). *See* Compl., ECF No. 1 ¶¶ 2, 8, 19. She alleges that: (1) the transaction violated South Korean financial laws and regulations; (2) reports of Peninsula's involvement damaged the company's business and reputation; and (3) Peninsula was forced to close due to fears that it could be criminally liable for its participation. *See id.* ¶¶ 2, 23, 25, 32. Peninsula demanded that Hankook indemnify it for its losses pursuant to the

Peninsula/Ocean Agreement, but Hankook refused. *See id.* ¶¶ 48-49.

Ms. Han and Peninsula thereafter sued Hankook and others in the 153rd Judicial District Court of Tarran County, Texas for breach of contract. *See id.* ¶ 49. That court dismissed the suit for lack of personal jurisdiction. *See id.* Ms. Han, her husband, and Peninsula then sued the same defendants in the District Court for the Northern District of Ohio for the same claims. *See id.* ¶ 50. That court dismissed their claims for lack of subject matter jurisdiction. *See id.* ¶ 69.

Ms. Han subsequently sued FSS in this Court. *See generally id.* ¶¶ 83-93. She alleges that FSS assured Hankook that FSS would not produce discovery in the Ohio litigation, thereby encouraging Hankook to breach the indemnity provision of the Peninsula/Ocean Agreement. *See id.* ¶¶ 3-4, 52, 88.

**B.  Procedural**

Ms. Han filed this Motion to Alter or Amend the Court's Previous Order on July 18, 2022. *See* Pl.'s Mot. Alter or Amend Order Granting Def.'s Mot. Dismiss Pursuant Fed. R. Civ. P. 59(e)., ECF No. 31; Pl.'s Mem. P. & A. Supp. Mot. Alter or Amend Order Granting Def.'s Mot. Dismiss Pursuant Fed. R. Civ. P. 59(e). ("Pl.'s Mot."), ECF No. 31-1. FSS submitted its brief in opposition on July 29, 2022, *see* Mem. Law Opp'n Pl.'s Mot. Change Venue ("Def.'s Opp'n"), ECF No. 32; and Ms. Han replied

on August 1, 2022, *see* Pl.'s Reply Def.'s Resp. Opp'n Pl.'s Mot. Alter or Amend Pursuant Fed. R. Civ. P. 59(e) ("Pl.'s Reply"), ECF No. 33. The motion is now ripe and ready for adjudication.

## III. Legal Standard

### A. Motion to Alter or Amend a Judgment

Rule 59(e) permits a party to file a motion to alter or amend a judgment within twenty-eight days of the entry of that judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (citations and internal quotation marks omitted). These motions are "disfavored," and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted) (quoting C. Wright &

4

A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

**B. Pro Se Litigants**

"[P]ro se litigants are not held to the same standards in all respects as are lawyers." *Roosevelt Land, LP v. Childress*, No. CIV.A. 05-1292(RWR), 2006 WL 1877014, at *2 (D.D.C. July 5, 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The pleadings of pro se parties therefore "[are] to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and internal quotation marks omitted). Even so, "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). Pro se litigants must comply with federal and local rules. *See Jarrell*, 656 F. Supp. at 239; *Roosevelt Land*, 2006 WL 1877014, at *2.

**III. Analysis**

Ms. Han submits this Rule 59(e) Motion to Alter the Court's Order dismissing the Complaint to seek a change in venue to the District Court for the Southern District of New York pursuant to 28 U.S.C. § 1406(a). Pl.'s Mot., ECF No. 31-1 at 1-2. For the reasons that follow, the Court **DENIES** Ms. Han's Motion.

Ms. Han asserts that Section 1406(a) and Supreme Court precedent require that the Court consider whether the "interest

of justice" requires a transfer rather than dismissal. *See id.* at 3-5 (citing 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)). She contends that the "interest of justice" requires transfer because her claims are subject to a statute-of-limitations defense. *See id.* at 4-5. Ms. Han further argues that the Court should transfer her suit because transfer would "promote the expeditious adjudication of [her] claims" and "allow[] . . . [her] and the transferee court to dispense with waste of time and valuable resources." *Id.* at 4-5.

FSS argues that Ms. Han's Motion is procedurally deficient because Ms. Han is raising an argument that she could have presented in her earlier briefing but did not. Def.'s Opp'n, ECF No. 32 at 5. The Court agrees that Ms. Han may not move for a change of venue through this Rule 59(e) Motion. "[A]mendment of a judgment is . . . an extraordinary measure" that the Court may grant "under three circumstances only: (1) if there is an 'intervening change of controlling law'; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to 'correct a clear error or prevent manifest injustice.'" *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Firestone*, 76 F.3d at 1208). Ms. Han does not argue that any of these circumstances are present here. *See generally* Pl.'s Mot., ECF No. 31-1. Instead, she argues that the Court should consider her motion to transfer venue, *see id.*;

"rais[ing] arguments that could have been raised prior to the
entry of" the Court's July 5, 2022 Memorandum Opinion and Order,
*Exxon Shipping Co.*, 554 U.S. at 485 n.5 (citation and internal
quotation marks omitted).[2] She has acted too late. *See Ciralsky
v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004) (citation omitted)
(affirming district court's denial of Rule 59(e) motion where
the movant "elected not to act until after a final order had
been entered"). Rule 59(e) does not provide a vehicle for her to
raise the venue issue now. *See Patton Boggs LLP v. Chevron
Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (citing *Fox v. Am.
Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004)).

   *Goldlawr* does not change the Court's conclusion. In that
case, the Supreme Court affirmed a decision transferring the
venue of an antitrust suit despite the petitioners' argument
that the transferring court did not have personal jurisdiction
over them. *See Goldlawr*, 369 U.S. at 464, 467. The Supreme Court
explained that "[t]he language of § 1406(a) is amply broad

---

[2] In her reply brief, Ms. Han concedes that she "did not make
such transfer argument as a fallback argument in her opposition
to FSS's motion to dismiss." Pl.'s Reply, ECF No. 33 at 3 n.2.
The Court also notes she did not argue the Court should transfer
the venue of the action in her Objections to Magistrate Judge
Harvey's R. & R. *See generally* Pl.'s Objs. Magistrate Judge's
Proposed Findings & Recommendations, ECF No. 26. She therefore
waived the argument. *See N. Am. Cath. Educ. Programming Found.,
Inc. v. Womble Carlyle Sandridge & Rice, PLLC*, 800 F. Supp. 2d
239, 249 (D.D.C. 2011) (citing *Aikens v. Shalala*, 956 F. Supp.
14, 19 (D.D.C. 1997); Fed. R. Civ. P. 72(b)).

enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Id.* at 466. However, *Goldlawr* does not concern the standard the Court must apply to resolve Rule 59(e) motions and therefore is not instructive to resolution of the instant motion. *See generally id.* at 464-67.

Because Ms. Han has not met the exacting standard for Rule 59(e) motions, the Court **DENIES** her Motion to Alter or Amend the July 5, 2022 Memorandum Opinion and Order.[3]

## IV.   Conclusion and Order

For the foregoing reasons, it is hereby

**ORDERED** that Ms. Han's Motion to Alter or Amend its Dismissal of the Complaint, ECF No. 31, is **DENIED**.

**SO ORDERED.**

Signed:   **Emmet G. Sullivan**
          **United States District Judge**
          **July 3, 2023**

---

[3] FSS also argues that Ms. Han's Motion is substantively deficient because Magistrate Judge Harvey's R. & R. "would travel with the case" if the Court transferred venue. Def.'s Opp'n, ECF No. 32 at 6. FSS cites no authority—and the Court is not aware of any authority—supporting this proposal. In addition, FSS recommends that the Court "pass upon" the sovereign immunity and statute of limitations issues. *See id.* at 6-7. As Ms. Han responds in her reply briefing, *see* Pl.'s Reply, ECF No. 33 at 4; FSS should have filed its own Rule 59(e) motion to have the Court reconsider or amend its judgment, *see* Fed. R. Civ. P. 59(e).